**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GERARDO GARCIA RAMOS,

                      Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, et al.,[1]

                      Respondents.

Case No.:  3:26-cv-01652-RBM-BJW

**ORDER DENYING PETITION WITHOUT PREJUDICE**

**[Doc. 1]**

Pending before the Court is Petitioner Gerardo Garcia Ramos's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

### I.     BACKGROUND

The Parties agree that Petitioner, a citizen of Mexico, has been in custody under 8 U.S.C. § 1226 since March 2025.  (*See* Doc. 1 ¶ 14; Doc. 4 at 2.)  Based on the Department of Homeland Security's ("DHS") determination that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(6)(A), Petitioner was placed in full removal

---

[1]  Markwayne Mullin is automatically substituted for Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

proceedings under 8 U.S.C. § 1229a.  (Doc. 4 at 2 (citing Doc. 4-1 at 2–3).)

On July 15, 2025, Petitioner requested a bond redetermination before an immigration judge.  (Doc. 4-3 at 2.)  On August 1, 2025, the immigration judge held that hearing.  (*Id.*)  The immigration judge found that (1) they had jurisdiction to conduct a bond hearing; (2) Petitioner had not met his burden to show that he did not pose a danger to the community considering his "numerous arrests and self-admitted convictions for driving under the influence and driving without a license;" and (3) Petitioner "presented a flight risk based on his failure to appear at his last hearing."  (*Id.*)  On September 16, 2025, the immigration judge issued a bond memorandum in light of the intervening Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, indicating that they would now find that they "lack[ ] jurisdiction to redetermine [Petitioner's] custody."  (*Id.* at 2–3.)

On August 31, 2025, Petitioner filed an appeal of the immigration judge's bond determination.  (Doc. 1 ¶ 14.)  On March 11, 2026, Petitioner filed a bond redetermination request, which remains pending.  (*Id.*)  Petitioner represents that "[n]o further custody hearings are scheduled.  Removal proceedings have not advanced toward resolution.  As a result, Petitioner's detention continues not because adjudication is ongoing, but because custody filings remain unresolved."  (*Id.* ¶ 15.)  Petitioner has an individual merits hearing scheduled for April 6, 2026.  (Doc. 4 at 3 (citing Doc. 4-6 at 2).)

Petitioner filed the Petition on March 16, 2026.  (Doc. 1.)  The next day, the Court set a briefing schedule.  (Doc. 2.)  Respondents filed their Return to Habeas Petition ("Response") on March 24, 2026.  (Doc. 4.)  Petitioner filed his Reply to Respondents' Return to Habeas Petition that same day.  (Doc. 5.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may

be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.   <u>DISCUSSION</u>

Petitioner claims that his detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 16–22; Doc. 5 at 1, 5–6.) Specifically, he argues that his "custody has become effectively indefinite due to unresolved bond proceedings, a pending bond appeal, and the agency's failure to prosecute removal proceedings with reasonable diligence." (*Id.* ¶ 22.) Respondents argue that: (1) Petitioner is lawfully detained under § 1226(a) because the immigration judge already held a bond hearing and denied relief; (2) Petitioner's claims are jurisdictionally barred by 8 U.S.C. §§ 1252(g) and 1252(b)(9); and (3) Petitioner should not be excused from administrative exhaustion. (Doc. 4 at 3–9.)

**A.   Jurisdiction**

The Court has consistently rejected Respondents' jurisdictional arguments in similar circumstances. *See, e.g.*, *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 320844, at *3–4 (S.D. Cal. Nov. 17, 2025). In *Faizyan*, the Court found that when the petitioner challenges the validity of his detention under the Fifth Amendment, he is "enforcing his 'constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order.'" *Id.* (quoting *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025)). Therefore, §§ 1252(g) and 1252(b)(9) do not strip the Court of jurisdiction. *Id.* The Court incorporates its reasoning in *Faizyan*, and makes the same findings, here. Because Petitioner claims that his detention has become unreasonably prolonged under the Due Process Clause, he does not challenge the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. The Court has jurisdiction.

3:26-cv-01652-RBM-BJW

**B.    Exhaustion**

The Court need not address the Parties' exhaustion arguments because, even assuming that Petitioner did not need to exhaust his administrative remedies, he still cannot succeed on the merits of his claim.

**C.    Prolonged Detention**

At the outset, the Court notes that it is unclear what exact relief Petitioner seeks. (*Compare* Doc. 1 at 7, Prayer for Relief (Petitioner "does not request that this Court direct the Immigration Court to conduct any additional bond proceedings.") *with* Doc. 5 at 7 (Petitioner "requests that the Court . . . order prompt individualized custody proceedings that satisfy due process.").)  The Court construes the Petition to bring an as-applied challenge to the length of Petitioner's detention under § 1226.  And the appropriate remedy for prolonged detention under § 1226 is a bond hearing.  *See Toktosunov v. Wamsley*, CASE NO. 2:25-cv-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) ("under § 1226(a)'s discretionary detention regime, a bond hearing is required before the government may detain [a noncitizen] for a 'prolonged' period") (citation omitted); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022) ("The Court finds, consistent with other post-*Jennings* cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release."); *Kumar v. Hermosillo*, CASE NO. 2:26-cv-00389-JNW, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (declining to order immediate release and collecting cases "holding that '[t]here is no authority' to support a claim that a petitioner 'is entitled to an order of release'") (citations omitted).

Here, assuming without deciding that Petitioner's detention has become unreasonably prolonged in violation of § 1226 and due process, the remedy would be a bond hearing.  But Petitioner already received a bond hearing on August 1, 2025. (Doc. 4-3 at 2.)  The Court declines to order another bond hearing, particularly where Petitioner's appeal of the immigration judge's August 1, 2025 bond decision is pending.  (Doc. 1 ¶ 14.)  Accordingly, the Court **DENIES without prejudice** the Petition.

## IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATE:  March 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-01652-RBM-BJW